UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANICE A. KENNEDY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN,<br><br>　　　　　Defendant. | CASE NO. C12-1139JLR<br><br>ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION |

## I.　　INTRODUCTION

This matter comes before the court on the Report and Recommendation ("R&R") of United States Magistrate Judge James P. Donohue (R&R (Dkt. # 15)), and Defendant Carolyn Colvin's objections thereto (Objections (Dkt. # 16)). Having carefully reviewed all of the foregoing, along with all other relevant documents and the governing law, the court ADOPTS IN PART and MODIFIES IN PART the Report and Recommendation (Dkt. # 15) and AFFIRMS the ruling of the Administrative Law Judge ("ALJ") on all points.

ORDER- 1

## I.   BACKGROUND

This is an appeal from a denial of Disability Insurance Benefits ("DIB").  Plaintiff Janice Kennedy is a 51 year old woman with fibromyalgia.  (Administrative Record ("AR") (Dkt. # 10) at 182-83.)  She has not been gainfully employed since October 1, 2008.  (*Id.* at 46, 143.)  In her most recent job, she was a receptionist, bookkeeper, and payroll clerk for a company called Union Bay Fabrication.  (*Id.* at 46, 143.)  Ms. Kennedy applied for DIB in 2009 under the Social Security Act.  (*Id.* at 23.)  Her application was denied by the Commissioner of the Social Security Administration ("Commissioner") and was denied again on reconsideration.  (*Id.* at 83, 87.)  She requested a hearing, which was granted, and in 2011 an ALJ issued a decision agreeing with the Commissioner and finding that Ms. Kennedy was not disabled and therefore not entitled to DIB.  (*Id.* at 23-31.)

Now, Ms. Kennedy appeals the ALJ's decision to this court.  In her appeal, she argues that she is in fact disabled and that the ALJ erred by concluding otherwise.  (*See* Pltf.'s Opening Br. (Dkt. # 12).)  Magistrate Judge Donohue agreed with her and issued an R&R recommending that the case be reversed and remanded for further administrative proceedings.  (*See* R&R.)  The Commissioner objected to the R&R, and those objections are now before the court. (Objections to R&R (Dkt. # 16).)

## II.   STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's R&R on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *Id.*  "A judge of

ORDER- 2

the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court reviews de novo those portions of the report and recommendation to which specific written objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

While review of an R&R is de novo, the court must defer to the ALJ's findings and may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). The court must examine the record as a whole and may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The ALJ determines credibility, resolves conflicts in medical testimony, and resolves any other ambiguities that may exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). When the evidence is susceptible to more than one rational interpretation, the court must uphold the ALJ's conclusion. *Thomas*, 278 F.3d at 954.

### III.   DISCUSSION

Ms. Kennedy argues that the ALJ made two errors in the proceedings below. The court disagrees. First, Ms. Kennedy argues that the ALJ erred in evaluating her mental health impairments. Magistrate Judge Donohue disagreed with her on this issue and recommended affirming the ALJ on this point. The court has thoroughly examined the record before it and finds the Magistrate Judge's reasoning persuasive in light of that

record. The court adopts that reasoning here, finding no need to expand on Judge Donohue's recommendations.

Ms. Kennedy's second argument is a closer call. She argues that the ALJ committed legal error by misapplying part of the test it used to determine whether she was disabled. The ALJ determined that Ms. Kennedy was not disabled because, despite her fibromyalgia, she could still perform the work she did at her previous job. In a disability benefits proceeding, the claimant has the burden of showing that she is no longer able to perform her "past relevant work." *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). To prove this, the claimant must compare her present capacity with her former work. *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986). If the claimant can perform her past work, she is not disabled. 20 C.F.R. § 404.1502(f); *Lewis*, 281 F.3d at 1083. In this case, the ALJ determined that Ms. Kennedy could perform her past work and therefore was not disabled. (AR at 31-32.)

There are two tests for determining whether a claimant is capable of performing her past work. Either test is sufficient to conclude that the claimant is not disabled. The difference between the two tests is that one assesses the claimant's capacity to "actually perform" the work at her previous job while the other assesses the claimant's capacity to "generally perform" the work of a similar job in the "national economy." *See* Social Security Ruling 82-61. Under the "actual performance" test, the claimant is capable of performing past work and therefore is not disabled if "the evidence shows that a claimaint retains the [functional capacity] to perform the functional demands and job duties of a particular past relevant job as he or she actually performed it . . . ." *Id.* On the other

hand, under the "general performance" test, the claimant is capable of performing past work and is not disabled if "the claimant retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy." *Id.*

Ms. Kennedy argues, and Judge Donohue's R&R agrees, that the ALJ applied the general performance test and applied it incorrectly. (*See* Resp. to Objections (Dkt. # 17) at 2; R&R at 14-17.) On the other hand, the Commissioner argues that the ALJ did not apply the general performance test at all but instead applied the actual performance test and applied it properly. (Objections at 2-4.) As explained below, the court agrees with the Commissioner.

First, the court examines the ALJ's findings and concludes that the ALJ applied the actual performance test and not the general performance test. (*See* AR at 31-32.) The ALJ's findings on this topic are relatively brief, so the court sets forth the relevant section in its entirety below. Although the ALJ uses the phrase "normally performed" several times in its findings, this passage as a whole suggests that the ALJ compared Ms. Kennedy's capacity not with similar work as ordinarily required by employers throughout the national economy but with Ms. Kennedy's own description of her previous job:

> **6. The claimant is capable of performing past relevant work as a: receptionist/bookkeeper (DOT 237.367-038) sedentary, semi-skilled SVP 4. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).**
>
> Vocational expert Mark Harrington testified that the claimant had the above past relevant work. The claimant performed the above past relevant work

> within the last fifteen years, the claimant did it long enough to learn it, and the work constituted substantial and gainful activity.
>
> In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as normally performed. Vocational expert Harrington testified that a person with the claimant's residual functional capacity of sedentary work and the same postural and environmental limitations would be able to perform the above past relevant work.
>
> The vocational expert testified that based on the claimant's description of her last job, she worked a composite job of a receptionist, bookkeeper, and payroll clerk, which are all sedentary semi-skilled jobs. The claimant described this job as requiring her to lift less than ten pounds, sit for eight hours, stand for two hours, and walk for three hours. (Exhibit 5E/9). This adds to a 13-hour day, which is inconsistent with her statement that she worked this job for eight hours per day. (Exhibit 5E/9). The claimant described this job as answering telephones, doing payroll and billing that are tasks normally performed while sitting. Thus, I find that her past work, as she described it, was performed at a sedentary level. Nonetheless, even if she was required to walk and stand for more than two hours, as is the usual case for sedentary work, I find that because all of these jobs are normally performed at the sedentary level, she can perform her past work as normally performed.

(AR at 31-32.)

Plaintiff argues, and Magistrate Judge Donohue agrees, that the ALJ's use of the phrase "as normally performed" is enough to conclude that the ALJ applied the general performance test. (R&R at 14-17.) The court disagrees. The phrase "as normally performed" is not equivalent to the phrase "perform[ed] the functional demands and job duties of the job as ordinarily required by employers throughout the national economy." *See* Social Security Ruling 82-61. Indeed, while the latter has a clear and specific meaning, the former could have a different meaning depending on the context in which it is used. Here, it is used in the context of the ALJ recounting Ms. Kennedy's description

of her actual job, not in the context of the ordinary requirements of similar work throughout the national economy. (*See* AR at 31-32.) Given this context, it makes more sense to infer that "as normally performed" means something closer to "as she normally performed it in her past job" than to "as it is generally performed in the national economy." The court must read the ALJ's findings as a whole and, doing so, concludes that the more reasonable inference is that the ALJ applied the actual performance test.

There is further evidence in the findings that the ALJ used the actual performance test. Most of the operative comparisons in the passage are made between Ms. Kennedy's functional capacity and her prior work as she describes it:

> The vocational expert testified that *based on the claimant's description of her last job*, she worked a composite job of a receptionist, bookkeeper, and payroll clerk, which are all sedentary semi-skilled jobs. *The claimant described this job as requiring her to lift less than ten pounds, sit for eight hours, stand for two hours, and walk for three hours*. *The claimant described this job as answering telephones, doing payroll and billing that are tasks normally performed while sitting*. Thus, I find that *her past work, as she described it*, was performed at a sedentary level. Nonetheless, even if she was required to walk and stand for more than two hours, as is the usual case for sedentary work, I find that because all of these jobs are normally performed at the sedentary level, she can perform her past work as normally performed.

(*Id.* (emphasis added).) Ms. Kennedy's own description of her job is central to the ALJ's decision, and more importantly, it is this description that the ALJ compares to Ms. Kennedy's capacity. The ALJ would not have made this comparison under the general performance test. Under that test, the ALJ would have compared Ms. Kennedy's capacity not with her old job as she described it, but with a generalized version of that job constructed from expert testimony and occupational manuals.

ORDER- 7

This case resembles *Estate of Raftery v. Astrue*, No. C08-1208-CRD, 2009 WL 901899 (W.D. Wash. Mar. 30, 2009). In that case, the ALJ made a finding of disability and wrote written findings similar to those at issue here. *See id.* at *3. The ALJ's findings specifically mentioned "general performance" and appeared to rely on the general performance test, but they also relied on the claimant's own description of his work. *Id.* Unlike here, the ALJ in *Raftery* explicitly concluded that the claimant would be able to perform his work "as generally performed." *Id.* On appeal, the claimant made essentially the same argument that Ms. Kennedy makes here: that the ALJ applied the general performance test and did so incorrectly. *Id.* The district court rejected the claimant's argument, finding that "it is clear from the context of the ALJ's analysis that the ALJ made an 'as actually performed' finding, not an 'as generally performed' finding" (notwithstanding the fact that the ALJ actually professed to make an "as generally performed" finding). *Id.* at *4. The district court concluded that the ALJ's use of "as generally performed" was, at most, harmless error and "does not require remand to modify the verbiage to 'as actually performed.'" *Id.*

The present case is strikingly similar and, if anything, the finding here is more susceptible to categorization as an "as actually performed" finding. Like in *Raftery*, it is clear from the context that the ALJ in this case made an "as actually performed" finding, as detailed above. (*See* AR at 31-32.) Further, the ALJ here used the verbiage "as normally performed," which is much more ambiguous than the "as generally performed" verbiage found in *Raftery*. (*See id.*) It is true that the ALJ here was not crystal clear about which test it used, but "even when an agency 'explains its decision with less than

ideal clarity,' [a reviewing court] must uphold it 'if the agency's path may reasonably be discerned.'" *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (quoting *Alaska Dep't of Evtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004)). Accordingly, the court holds that the ALJ used the actual performance test not the general performance test, and to the extent the ALJ used the general performance test, any error was harmless. *See Raftery*, 2009 WL 901899 at *4.

Finally, the ALJ applied the actual performance test correctly. The R&R concludes in a footnote that to the extent the ALJ made an "as actually performed" finding, that finding was "clearly inadequate." (R&R at 17 n.5.) The R&R provides no rationale for this conclusion, and the court can discern none. (*See id.*) The court can detect no legal error in the ALJ's analysis, nor does Ms. Kennedy suggest any plausible legal error, arguing only that substantial evidence does not support the ALJ's finding. (*See* Resp. to Objections at 3.) The ALJ's findings are well reasoned and, more importantly, supported by substantial evidence in the administrative record. (*See, e.g.*, AR at 28, 31-32, 46, 69-70, 143, 176, 182-83.) "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The court has examined the administrative record in detail and concluded that this standard is met here. The ALJ concluded that Ms. Kennedy's past work was a that of a receptionist, bookkeeper, and payroll clerk, which involved answering telephones, doing payroll and billing—all of which are normally performed while sitting. (*See* AR at 28, 31-32, 46, 69-70, 143, 176, 182-83.) The ALJ also found that Ms.

ORDER- 9

Kennedy had the capacity to perform sedentary tasks such as those that matched her previous job description. (*See id.*) On appeal, the district court may not reweigh the evidence or substitute its judgment for that of the Commissioner. *Thomas*, 278 F.3d at 954. It is the ALJ's job to determine credibility, resolve conflicts in medical testimony, and resolve any other ambiguities that may exist. *Andrews*, 53 F.3d at 1039. When the evidence is susceptible to more than one rational interpretation, the court must uphold the ALJ's conclusion. *Thomas*, 278 F.3d at 954.

Accordingly, the court MODIFIES the portion of the R&R dealing with general and actual performance and instead AFFIRMS that portion of the ALJ's opinion and AFFIRMS the ALJ's decision in its entirety.

## IV. CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the Report and Recommendation (Dkt. # ) in part and MODIFIES it in part as described above;

(2) The court AFFIRMS the ALJ's findings in their entirety; and

(3) The court DIRECTS the Clerk to send copies of this Order to Ms. Kennedy, to counsel for the Commissioner, and to Magistrate Judge Donohue.

Dated this 30th day of April, 2013.

JAMES L. ROBART
United States District Judge